```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
VIKTORIA MOLNAR,                                              :
                                        Plaintiff,            :
                                                              :           18 Civ. 2256 (LGS)
                -against-                                     :
                                                              :                ORDER
JESSICA FEINSTEIN, et al.,                                    :
                                        Defendants.           :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/23/18

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 22, 2018, the parties filed their *Cheeks* letter, settlement agreement, contemporaneous time records and a breakdown of Plaintiffs' counsel's fees.  It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).  It is further

**ORDERED** that Plaintiffs' counsel's request for $6,503.33 exclusive of costs, is **GRANTED**.  This amount is approximately 88% of the lodestar calculation and one-third of the settlement net of costs.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity.  *See Hui Luo v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a

reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011). The remainder of the settlement shall be distributed to Plaintiff.

Dated: May 23, 2018
      New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**